Davis, J.
The material allegations in appellee’s complaint are that it was the duty of the appellant to construct and maintain one end or half of a certain partition fence between the appellant’s land and the land of one Brane, and that the said appellant constructed said fence and maintained the same in such a negligent and careless manner that the same was dangerous, in this, that the posts set in the ground for the support of the wires were too far apart to support the wires properly; that on said posts were strung six barbed wires with sharp barbs about four inches apart on said wires; that said posts were so negligently put in the ground that they were insufficient to keep the wires at a proper tension, and the said wires were not tightened and drawn into proper tension; that the top wire of said fence was *176 four feet and four inches from the ground, and the second wire from the top was eighteen inches from the top wire, and the third from the top was eleven inches below the second wire, at the points where the several wires were fastened to the posts, and that the wires were allowed to sag on account of not being sufficiently taut, and because of the insufficiency of the posts as aforesaid; that the said wires thus armed with the said sharp barbs, so loosely arranged and strung on said posts at such a distance from each other, were a trap and a menace 'to horses, etc., coming in contact therewith, and were dangerous to horses, etc.; that said barbed wires on said fence sagged down and swung loosely on the posts thereof, and the space between the said barbed wires at the top of said fence, on account of the negligent manner in which the fence was constructed, was from eighteen to twenty-four inches; that horses, etc., coming in contact therewith could easily put their heads through said fence between the barbed wires, and on account of the sagged and loose condition of the barbed wires, horses, cattle and other stock could easily put their heads over said fence, and such stock were inclined to do so in coming in contact therewith, and would attempt to cross over the same, and in so crossing would become entangled in the said barbed wires, etc.; that said appellee was the owner of a certain horse, of the value of one hundred dollars, and that he hired pasture for said horse of said Mahlon Brane, and the said horse was turned on said pasture in an adjacent field belonging to said Brane, which was separated by said fence so negligently constructed and maintained by appellant, and that said horse, while so pasturing in said field, came in contact with said barbed-wire fence, and undertook to cross over the same, and in so attempting to cross became entangled in said barbed wires and was cut, lacerated, and wounded *177 thereby and had his throat cut by and on said barbed wires in said entanglement, and was then and there and thereby killed, without the fault or negligence of appellee, to his damage, etc.
The court overruled a demurrer to the complaint, and this ruling presents the only question for our consideration.
The complaint is founded on the alleged careless and negligent construction and maintenance of the partition fence against and on which appellee’s horse was killed. The grievance is not that the appellant erected and maintained a barbed wire fence on the line dividing his land from his neighbor’s land, but that such fence was so carelessly and negligently constructed and maintained that it was a breach of duty he owed to said neighbor and all persons who might lawfully use the adjoining land. The complaint does not rest on the theory that the erection of a barbed wire fence is necessarily a tort, but it is predicated on the fact that the fence in question was so constructed as to be dangerous to horses, etc., depasturing on the adjoining premises. Although erecting a barbed wire fence is not of itself a tort, yet the manner in which it is constructed and maintained may be such as to make the person erecting and maintaining it guilty of negligence. In other words, a thing may not be dangerous per se if properly constructed, but it may be dangerous if improperly and negligently constructed. The duty owing by appellant was to any one who might lawfully depasture or turn stock on the premises adjoining the said fence, and the duty was owing from the appellant to the owner of the horse. It is true, the complaint is not a model pleading, but, in our opinion, it is sufficient to withstand the demurrer under the rule enunciated in Sisk v. Crump, 112 Ind. 504.
*178 Filed Nov. 2, 1894.
We think the injury done in this case to appellee’s horse, as shown by the averments in the complaint, was the natural and probable consequence of the negligent construction and maintenance of the fence by appellant which any prudent man should have foreseen in the exercise of ordinary care.
Counsel for appellant insist that appellee was guilty of contributory negligence because he was bound to know the kind and condition of the fencing that constituted a part of the enclosed field in which his horse was being pastured. 'There is no rule of law that would charge appellee, in the face of the averment that he was without fault, with notice of the careless and negligent manner in which the fence was constructed and maintained by appellant. If appellee was without ¡fault, he did not have such notice of appellant’s negligence as would, as a matter of law, charge him with contributory negligence. If it appeared as a fact that appellee voluntarily turned his horse into this field with knowledge of the defective, negligent and dangerous condition of the fence, a different question would be presented.
Whether such question would be one of law to be determined by the court or one of fact to be determined by the jury under the circumstances of the particular case, we need not now decide.
Judgment affirmed.